Yvonne BOYCE, Plaintiff–Appellant,

v.

BANK OF NEW YORK, Defendant–Appellee.

No. 05–6790–cv.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Yvonne Boyce, pro se, New York, NY, for Plaintiff–Appellant.

Kenneth Kirschner, Heller Ehrman, New York, NY, for Defendant–Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Appellant Yvonne Boyce, *pro se*, appeals the judgment of the United States District Court for the Southern District of New York entered on September 30, 2005, dismissing her complaint, in which she claimed that the Bank of New York ("the Bank") had violated Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e–17, and the Age Dis-

crimination in Employment Act, as codified, 29 U.S.C. §§ 621–634 ("ADEA"), and had terminated her and retaliated against her for earlier complaints. We assume the parties' familiarity with the facts and the issues on appeal.

This Court reviews the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate "only if the record indicates that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.,* (quoting Fed.R.Civ.P. 56(c)). Once the party moving for summary judgment offers evidence that there is no genuine issue of material fact, the burden shifts to the non-moving party to provide evidence of a remaining issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56(e). It is well-established that a nonmovant "must come forward with evidence that would be sufficient to support a jury verdict in his favor." *Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir.1995).

Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a)(1). "Under the burden shifting rules [for racial discrimination cases] set forth in *McDonnell Douglas v. Green,* 411 U.S. 792, 793, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff has the initial burden of making out a *prima facie* case of discrimination." *Farias v. Instructional Systems, Inc.,* 259 F.3d 91, 98 (2d Cir.2001) (citations omitted). A *prima facie* case may be established by showing: (1) membership in a protected class; (2) satisfactory job performance; (3) termination from employment or other adverse employment action; and (4) the ultimate filling of the position with an individual who is not a member of the protected class, or circumstances giving rise to an inference of discrimination on the basis of plaintiff's membership in that class. *Id.* "If a plaintiff establishes a *prima facie* case, a presumption of discrimination is created and the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action or termination." *Id.* If the defendant meets his or her burden, the burden shifts back to the plaintiff to produce "evidence that reasonably supports a finding of prohibited discrimination." *Id.*

"Under the [ADEA], it is 'unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Roge v. NYP Holdings, Inc.,* 257 F.3d 164, 168 (2d Cir.2001) (quoting 29 U.S.C. § 623(a)(1)). The *McDonnell Douglas* burden-shifting standard also applies to ADEA claims. *See id.* To establish a *prima facie* case of age discrimination under the ADEA, a claimant must demonstrate that: (1) she was within the protected age group; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *Id.*

As an initial matter, because Boyce has not challenged the District Court's ruling that her claims of discrimination based on events that had allegedly occurred before July 31, 2002 were time-barred, any challenge to that ruling has

been waived. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995).

 With respect to Boyce's remaining claims, Boyce cannot show that she was terminated under circumstances giving rise to an inference of racial or age discrimination. Boyce admitted that, while working at the Bank, she had never been subjected to any discriminatory comments, and had never complained about the fact, as alleged in her complaint, that only African–Americans worked in her work area. Moreover, although two Caucasian employees were offered the opportunity to transfer prior to their termination (because they had specialized experience needed in other departments or branches of the Bank), two more did not receive that same opportunity. Thus, those offers do not allow an inference of racial discrimination to be made. Additionally, the fact that the two employees offered the opportunity to transfer were *older* than Boyce weakens her claim of age discrimination. Further, this Court has explained that:

> when the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire. This is especially so when the firing has occurred only a short time after the hiring.

*Grady v. Affiliated Cent., Inc.,* 130 F.3d 553, 560 (2d Cir.1997). Thus, the fact that the supervisor who terminated Boyce was the same person who, less than two and a half years earlier, had hired her further undermines Boyce's claims of discrimination. Moreover, that supervisor is older than Boyce, and had hired Boyce over two younger applicants, one of whom was Caucasian. Finally, none of Boyce's other factual assertions suggest that the Bank engaged in racial or age discrimination. Thus, the District Court properly found that Boyce could not show that she had been terminated under circumstances giving rise to an inference of discrimination.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.